JAMES ROBBINS, *Respondent, v.* WASHBURN CHIPMAN AND W. H. CHIPMAN, *Appellants.*

SALE OF PERSONAL PROPERTY.—When the contract is executory for the sale of property not in existence, but to be made or manufactured, no property passes to the purchaser until it is finished and either delivered to him, or is appropriated to his benefit, set apart for him and is accepted by him.

WHEN in a sale of personal property something remains to be done to the thing sold to identify it or to discriminate it from other articles, the sale is not complete, and the property does not pass absolutely to the purchaser.

APPEAL from the First District Court.

The facts are stated in the Opinion.

*Marshal & Royle,* for Appellants.

*Hoge & Jonnasson,* for Respondent.

Opinion by M. Schaeffer, C. J.

This was an action brought in the First Judicial District by Respondent against the Appellants as partners doing business under the firm name and style of Chipman Brothers. This complaint alleges that on the 1st day of June, 1873, the Plaintiff was the owner of 144 sheep, of the value of $720, and 430 pounds of wool of the value of $108, which were in the possession of the Defendants under a contract subject to be delivered to the Plaintiff whenever demanded; and then avers a demand and refusal and a wrongful conversion by the Defendants to the damage of Plaintiff, and prays judgment, &c.

The answer of the Defendant, Washburn Chipman, denies all the material allegations in the complaint, and he prays to be dismissed with his reasonable costs, etc.

The answer of William Henry Chipman, the other Defendant also denies the material allegations in the complaint, and then sets up special facts which we need not detail, intending to aver that the promise to deliver the sheep and wool in question was obtained from this Defendant, if any such were made, by misrepresentation and fraud, and further avers that the said sheep were never set aside or delivered to the Plaintiff.

The construction which is most favorable to the Plaintiff that can be placed on the evidence in this cause is that an agreement was made between the Plaintiff and the Defendant, William Henry Chipman, by which the said William agreed to sell and deliver to this Plaintiff 144 sheep, and the stipulated amount of wool per year for each head of sheep so to be delivered—that these 144 sheep were in a flock of some two thousand sheep, which were owned by and in the possession of the Defendants. That these 144 sheep were never separated from the others, nor were they in any way designated, marked or segregated so that they could be distinguished from the others. No actual change of possession took place, nor was there anything done by which the Plaintiff

was enabled to point out the sheep which he claimed was his, as contra distinguished from the others.

The first question which presents itself is what kind of a contract was this? It cannot with propriety be held that this was an executed contract, because something remained to be done to complete it. The most that can be claimed for it by the Plaintiff is that it is an executory contract of sale—rather an agreement to sell than a sale of the sheep; and as to the wool, a thing not only not "*in praesenti*" as is required by the Common Law, but a thing not even in existence at the time of the supposed sale. Where the contract is executory for the sale of an article not in existence, but to be made or manufactured, no property passes to the purchaser until it is finished, and either delivered to him, or is appropriated to his benefit, set apart for him and is accepted by him. Nor does it make any difference that the price is advanced. Story on Sales, Sec. 233. The property does not pass absolutely unless the sale be completed; and the sale is not completed so long as anything remains to be done to the thing sold to identify it, or to discriminate it from other things. 1 Parsons on Contracts, 527.

We think, therefore, that the testimony in this cause fails to show that the Plaintiff owned the sheep or wool sued for; and therefore the judgment obtained in his favor is erroneous and should be reversed.

It is ordered and adjudged that the judgment be and the same is hereby reversed and the cause be remanded for further proceedings.

BOREMAN, J., concurred.

*Question of Intention of parties not considered.*
*Cf. Turley vs Bates*
*2 Hurls. P Coltn. 200*